IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| TESA HIGGINBOTHAM ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 2:17-cv-03090 |
| ) | |
| FOOT LOCKER RETAIL, INC., et al. ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Foot Locker Retail Inc. and Foot Locker Stores, Inc.[1], through counsel, hereby remove the above-referenced case from the Circuit Court of Kanawha County, West Virginia to the United States District Court for the Southern District of West Virginia.[2] Defendants state as follows regarding the grounds for removal:

**Background**

1. On April 10, 2017, Plaintiff Tesa Higginbotham ("Plaintiff") filed suit against Defendants in the Circuit Court of Kanawha County, West Virginia (a copy of Plaintiff's Complaint is attached hereto as Exhibit A, along with a docket sheet from the Circuit Court of Kanawha County, West Virginia and all other process, pleadings, orders, and other papers filed

---

[1] Plaintiff's Complaint names Foot Locker Stores, Inc. as one of the defendants in this case, but Foot Locker Stores, Inc. is not the proper defendant. Plaintiff at all relevant times worked for Foot Locker Retail, Inc., which is the entity that operates Foot Locker's retail stores. By filing this Notice of Removal, Foot Locker Stores, Inc. is not waiving any arguments in this regard.

[2] Mark Caple was additionally named as a defendant in Plaintiff's Complaint; however, he has not yet been served and thus, his consent is not necessary for removal. *See* 28 U.S.C. § 1446(b)(2)(A).

1

and received by Defendant). The Complaint is captioned as follows: *Tesa Higginbotham v. Foot Locker Retail Inc., Foot Locker Stores, Inc., and Mark Caple*, Civil Action No. 17-C-506.

2. Plaintiff served the Summons and Complaint on Defendants Foot Locker Retail Inc. and Foot Locker Stores, Inc., through the West Virginia Secretary of State, by certified mail on May 1, 2017.

3. Pursuant to 28 U.S.C. § 1446(b) "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." Accordingly, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

4. Plaintiff's Complaint alleges that Defendants violated W. Va. Code § 5-11-1, *et seq*. related to allegations of sexual harassment, discrimination, and retaliation in the workplace. (Compl., Ex. A, ¶¶ 33-40.)

5. Plaintiff seeks the following types of relief: damages for lost wages and interest, compensatory damages, additional economic damages, and punitive damages. (Compl., Ex. A, pp. 7-8.)

6. Removal of this action is proper because the parties are of diverse citizenship pursuant to 28 U.S.C. § 1332.

**Complete Diversity Exists Among the Parties**

7. Plaintiff alleges that she is a resident of West Virginia. (Compl., Ex. A, ¶ 1.)

8. Defendant Foot Locker Retail, Inc. is a New York corporation with its principal place of business in New York.

9. Defendant Foot Locker Stores Inc. is a Delaware Corporation with its principal place of business in New York.

10. Upon information and belief, Defendant Caple is a citizen of Maryland.

11. Consequently, Plaintiff is a citizen of West Virginia and Defendants are citizens of Delaware, New York, and Maryland.

### The Amount in Controversy Exceeds $75,000

12. Plaintiff does not plead any specific amount of damages in her Complaint. (*See* Compl., Ex. A, pp. 7-8.) "[W]hen the complaint's *ad damnum* clause does not specifically state the amount in controversy, several courts require the removing defendant to prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount." *Heller v. TriEnergy, Inc.*, 877 F. Supp. 2d 414, 427 (N.D.W. Va. 2012).

13. "[A] defendant must show that it is more likely than not that the amount in controversy exceeds the jurisdictional amount." *Id.*

14. In determining whether the amount in controversy exceeds $75,000, the Court may consider:

> the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate. The possible damages recoverable may be shown by the amounts awarded in other similar cases. Another factor for the court to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed. The defendant may also present evidence of any settlement demands made by the plaintiff prior to removal although the weight to be given such demands is a matter of dispute among courts.

*Watterson v. GMRI, Inc.*, 14 F. Supp. 2d 844, 850 (S.D.W. Va. 1997) (internal citations omitted).

15. In her Complaint, Plaintiff seeks, among other things, compensation for lost wages and benefits; front pay; damages for "emotional and mental distress, humiliation, anxiety, embarrassment, depression, aggravation, annoyance, inconvenience, and loss of enjoyment of life"; additional economic losses; punitive damages; interest; and attorneys' fees. (Compl., Ex. A, pp. 7-8.)

16. As to Plaintiff's alleged damages for "emotional and mental distress, humiliation, anxiety, embarrassment, depression, aggravation, annoyance, inconvenience, and loss of enjoyment of life" (Compl., Ex. A, p. 7), amounts awarded in other similar cases are persuasive. *Watterson*, 14 F. Supp. 2d at 850.

17. In employment discrimination cases, the West Virginia Supreme Court of Appeals has upheld awards for emotional distress damages based on allegations similar to those in the Complaint for the following amounts:

- $50,000, *Mace v. Charleston Area Med. Ctr. Found., Inc.*, 188 W. Va. 57, 66, 422 S.E.2d 624, 633 (1992);

- $75,000, *Rodriguez v. Consolidation Coal Co.*, 206 W. Va. 317, 326, 524 S.E.2d 672, 681 (1999); and

- $150,000, *Page v. Columbia Nat. Res., Inc.*, 198 W. Va. 378, 396, 480 S.E.2d 817, 835 (1996).[3]

18. Additionally, Plaintiff seeks punitive damages. (Compl., Ex. A, pp. 7-8.) Punitive damages may be included for the purpose of determining the amount in controversy. *Heller*, 877 F. Supp. 2d at 428. "A request for punitive damages where properly recoverable, inevitably inflates a plaintiff's potential recovery[.]" *Hicks v. Herbert*, 122 F. Supp. 2d 699, 701 (S.D. W. Va. 2000).

19. Finally, Plaintiff seeks attorneys' fees. (Compl., Ex. A, pp. 7-8.) "If a state statute provides for attorneys' fees, such fees also are included as part of the amount in controversy." *Momin v. Maggiemoo's Int'l, L.L.C.*, 205 F. Supp. 2d 506, 509 (D. Md. 2002) (citation omitted).

---

[3] *See also Peters v. Rivers Edge Min., Inc.*, 224 W. Va. 160, 172, 680 S.E.2d 791, 803 (2009) (noting that the jury awarded the plaintiff $200,000 in emotional distress damages in a retaliatory discharge case).

20. Plaintiff's claim for attorneys' fees are included as part of the amount in controversy because the West Virginia Human Rights Act provides that "the court in its discretion may award all or a portion of the costs of litigation, including reasonable attorney fees . . . to the complainant." W. Va. Code § 5-11-13(c).

21. Accordingly, based on fair reading of the Complaint, this action more likely than not involves more than $75,000.

22. This case, therefore, may be removed to this Court by Defendants under the provisions of 28 U.S.C. § 1441(a). In other words, this is a civil action between citizens of different states in which Plaintiff seeks relief in excess of $75,000 in value. Accordingly, this action is removable to this Court due to the Court's jurisdiction over cases involving citizens of differing states through diversity jurisdiction. 28 U.S.C. § 1332(a)(1).

### Procedure and Venue

23. This Notice of Removal is filed within 30 days of the date on which the case became removable and, therefore, is timely pursuant to 28 U.S.C. § 1446(b).

24. Pursuant to 28 U.S.C. §§ 1441(a) the United States District Court for the Southern District of West Virginia, Charleston Division, is the appropriate court for filing a Notice of Removal from the Circuit Court of Kanawha County, West Virginia, where the action was filed.

25. Copies of all pleadings, process, and orders served upon Defendants in this action are attached hereto in accordance with 28 U.S.C. § 1446(a).

26. A certified state court civil docket sheet is attached as part of Exhibit A pursuant to the Local Rules of Procedure for the United States District Court for the Southern District of West Virginia.

27. Promptly upon the filing of this Notice of Removal, Defendant will file a Notice of Filing of Notice of Removal, along with a copy of the Notice of Removal, with the Clerk of the Circuit Court of Kanawha County, West Virginia (attached hereto as Exhibit B), and will serve written notice of the same on counsel for Plaintiff, all in accordance with 28 U.S.C. § 1446(d). Pursuant to Fed. R. Civ. P. 5(d), Defendants will file with this Court a Certificate of Service of Notice to Plaintiff of Removal to Federal Court.

## Conclusion

WHEREFORE Defendants Foot Locker Retail Inc. and Foot Locker Stores, Inc. remove this action from the Circuit Court of Kanawha County, West Virginia to the United States District Court for the Southern District of West Virginia.

Dated: May 31, 2017                          Respectfully submitted,

/s/ Mitchell J. Rhein
Eric E. Kinder (WVSB # 8817)
Mitchell J. Rhein (WVSB # 12804)
SPILMAN THOMAS & BATTLE, PLLC
P.O. Box 273 (25321)
300 Kanawha Blvd. East
Charleston, WV 25301
(304) 340-3800
(304) 340-3801 (*facsimile*)
ekinder@spilmanlaw.com
mrhein@spilmanlaw.com

AND

SHOOK, HARDY & BACON L.L.P.
William C. Martucci*
Katherine Sinatra*
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
Email: wmartucci@shb.com
        ksinatra@shb.com
*To seek admission *pro hac vice*

*Attorneys for Defendants*
*Foot Locker Retail, Inc. & Foot Locker Stores, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

| | |
|---|---|
| **TESA HIGGINBOTHAM** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No.: __2:17-cv-03090__ |
| ) | |
| **FOOT LOCKER RETAIL, INC., et al.** ) | |
| ) | |
| **Defendants.** ) | |

**CERTIFICATE OF SERVICE**

    I, Mitchell J. Rhein, do hereby certify that on the 31st day of May, 2017, I electronically filed the forgoing **Notice of Removal** with the Clerk of the U.S. District Court using the CM/ECF system, which will send notification of such filing to counsel of record, and that I have emailed and mailed the same, via United States Mail, to Plaintiff at the following addresses:

        Kristina Thomas Whiteaker, Esq.
        David L. Grubb, Esq.
        The Grubb Law Group
        1114 Kanawha Boulevard, East
        Charleston, WV 25301
        kwhiteaker@grubblawgroup.com
        dgrubb@grubblawgroup.com
            *Counsel for Plaintiff*


        /s/ Mitchell J. Rhein
        Mitchell J. Rhein (WVSB # 12804)