FUNC  MAY. 31. 2017  2:59PM     CIRCUIT CLERK                    NO. 710  CA  P.  2  SCREEN 4
    Case number : 17-C-506                              Action Log
       TESA HIGGINBOTHAM . . . . . . . . . vs. FOOT LOCKER RETAIL, INC. . . . . . .
Line   Date                        Action / Results
   1  04/10/17 # CASE INFO SHEET; COMPLAINT; ISSUED SUM & 5 CPYS; F FEE; RCPT
   2           # 549867; $200.00
   3  04/27/17 # COS AS TO P'S 1ST INTERROG'S & REQ FOR PROD TO FOOT LOCKER
   4           # RETAIL INC
   5  04/27/17 # COS AS TO P'S 1ST INTERROG'S & REQ FOR PROD TO FOOT LOCKER
   6           # STORES, INC
   7  05/04/17 # LET FR SS DTD 5/1/17; SUM W/RET ON C & DISCOV (5/1/17 SS)
   8           # AS TO FOOT LOCKER STORES INC
   9  05/04/17 # LET FR SS DTD 5/1/17; SUM W/RET ON C & DISCOV (5/1/17 SS)
  10           # AS TO FOOT LOCKER RETAIL INC
  11  05/09/17 # (2) E-CERTS FR SS


C=Chg  D=Del  1-4=Scr  M=Menu  T=Chg Line#  PgUp PgDn P=Prt A=Add I=Image

A TRUE COPY
TESTE _____ CLERK
CIRCUIT COURT KANAWHA COUNTY, W.VA.



EXHIBIT
A

 CT Corporation

**Service of Process Transmittal**
05/04/2017
CT Log Number 531167497

**TO:** Dennis E Sheehan, Associate General Counsel
Foot Locker Inc.
330 West 34th Street
New York, NY 10001

**RE:** **Process Served in West Virginia**

**FOR:** Foot Locker Retail, Inc.  (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Tesa Higginbotham, Pltf. vs. FOOT LOCKER RETAIL, INC., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint, Interrogatories, Certificate(s) |
| **COURT/AGENCY:** | Kanawha County Circuit Court, WV<br>Case # 17C506 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Charleston, WV |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 05/04/2017 postmarked on 05/02/2017 |
| **JURISDICTION SERVED :** | West Virginia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this summons upon you, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Kristina Thomas Whiteaker<br>THE GRUBB LAW GROUP<br>1114 Kanawha Boulevard<br>East Charleston, WV 25301<br>304-345-3356 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1Z0399EX0114620804 |
| | Image SOP |
| | Email Notification,  Dennis E Sheehan  DSHEEHAN@footlocker.com |
| | Email Notification,  James Schnitger  JSCHNITTGER@footlocker.COM |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 5400 D Big Tyler Road<br>Charleston, WV 25313 |
| **TELEPHONE:** | 919-821-7139 |

Page 1 of  1 / DK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**CERTIFIED MAIL**™

U.S. POSTAGE
ZIP 25305   $ 007.04
02 4W
0000336763 MAY. 02. 2017

BUSINESS & LICENSING

1610 - 00

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**USPS CERTIFIED MAIL™**



9214 8901 1251 3410 0002 0876 91

FOOT LOCKER RETAIL, INC.
C. T. Corporation System
5400 D Big Tyler Road
CHARLESTON, WV 25313

**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
888-767-8683
**Visit us online:**
www.wvsos.com

| | |
|---|---|
| **Control Number:** 193884 | **Agent:** C. T. Corporation System |
| **Defendant:** FOOT LOCKER RETAIL, INC. | **County:** Kanawha |
| 5400 D Big Tyler Road | **Civil Action:** 17-C-506 |
| CHARLESTON, WV 25313 US | **Certified Number:** 92148901125134100002067691 |
| | **Service Date:** 5/1/2017 |

I am enclosing:

**1 Interrogatories, 1 request for production, 1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CIVIL ACTION NO. 17-C-506

Tesa Higginbotham,

     Plaintiff,

v.

Foot Locker Retail, Inc.
Agent:  CT Corporation System
5400 D Big Tyler Road
Charleston, WV  25313,

     Defendant.

**SUMMONS**

ACCEPTED FOR SERVICE OF PROCESS
2017 MAY -1  P 3: 14
SECRETARY OF STATE
STATE OF WEST VIRGINIA

To the above named Defendant:

     **IN THE NAME OF THE STATE OF WEST VIRGINIA,** you are hereby summoned and required to serve upon **David L. Grubb and/or Kristina Thomas Whiteaker, Attorneys at Law,** Plaintiff's attorney, whose address is **1114 Kanawha Boulevard, East, Charleston, WV 25301,** an answer, including any related counterclaim you may have, to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.  You are required to serve your answer within **30 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred for asserting in another action any claim you may have asserted by counterclaim in the above-styled civil action.

Dated: 4/7/17

 

**Cathy S. Gatson, Clerk**

Clerk of Court

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

TESA HIGGINBOTHAM,

       Plaintiff,

v.

FOOT LOCKER RETAIL, INC.,
a foreign corporation, FOOT LOCKER
STORES, INC., a foreign corporation,
and MARK CAPLE, an individual,

       Defendants.

FILED

2017 APR 10   AM 9: 53

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

Civil Action No. 17-C-50

## COMPLAINT

COMES NOW Plaintiff, Tesa Higginbotham, by counsel, and for her complaint against Defendants respectfully represents to the Court as follows:

### Preliminary Statement

This is an action for money damages, injunctive relief, and other equitable and legal relief, filed pursuant to the West Virginia Human Rights Act ("WVHRA"), *W. Va. Code* §5-11-1 *et seq.*, and the common law of the State of West Virginia, arising out of Plaintiff's employment relationship with Defendants.  More specifically, Plaintiff was employed by Defendants Foot Locker Retail, Inc. and Foot Locker Stores, Inc. (collectively, "Foot Locker") at its location in Charleston, West Virginia.  Plaintiff alleges that Defendant Mark Caple, one of her supervisors, committed unwelcome acts of a sexual, offensive, and depraved nature against her.  Said acts were committed without Plaintiff's consent or permission, and against her right to work in an environment free of sexual harassment and abuse.  As a result of the aforementioned acts, Plaintiff has

1

suffered economic loss, emotional and mental distress, humiliation, anxiety, fear, apprehension, embarrassment, depression, aggravation, annoyance, inconvenience and loss of capacity to enjoy life.

<u>Parties</u>

1.      Plaintiff Tesa Higginbotham is a citizen and resident of Kanawha County, West Virginia, and is a member of a protected group under the WVHRA, *W. Va. Code* §5-11-1 *et seq.*

2.      Defendant Foot Locker Retail, Inc. is a foreign corporation authorized to do business and doing business in Kanawha County, West Virginia.

3.      Defendant Foot Locker Stores, Inc. is a foreign corporation authorized to do business and doing business in Kanawha County, West Virginia.

4.      Defendants Foot Locker Retail, Inc. and Foot Locker Stores, Inc. are believed to be a "persons" and "employers" pursuant to *W. Va. Code* §5-11-3.

5.      Defendant Caple is believed to be a citizen and resident of Kanawha County, West Virginia.

<u>Relevant Facts</u>

6.      In or around July 2016, Ms. Higginbotham was hired by Foot Locker as a sales associate.

7.      She was hired by a female general manager, but that manager was transferred to a different store a few months later.

8.      A male general manager was brought in.

9.      Upon information and belief, Ms. Higginbotham was the only female employee at that store.

10.    During the course of her employment with Foot Locker, Ms. Higginbotham performed her various job duties in a satisfactory, even exemplary, manner.

11.    Defendant Caple is employed by Foot Locker as an assistant manager and was one of Ms. Higginbotham's direct supervisors.

12.    While working at Foot Locker, Ms. Higginbotham was subjected to pervasive, offensive, and abusive behavior at the hands of Defendant Caple.

13.    Ms. Higginbotham was also subjected to pervasive, offensive, and abusive behavior at the hands of several other of Foot Locker's employees, including co-workers and the store manager.

14.    Her managers and co-workers referred called her profane names and talked about her in a sexual manner in front of her during work.

15.    Ms. Higginbotham attempted to complain about the hostile work environment, but her complaints were not taken seriously.

16.    When Ms. Higginbotham told Defendant Caple that she wanted to write a statement about sexual comments a co-worker made to her, Defendant Caple laughed at her.

17.    Defendant Caple also made, and subjected Ms. Higginbotham to, inappropriate verbal comments about sex, unwelcome sexual advances, and inappropriate touching.

18.    In fact, Defendant Caple interfered with Ms. Higginbotham's right to work in an environment free of sexual abuse and harassment.

3

19.    Ms. Higginbotham was treated differently than the male employees in the terms of her employment.

20.    For instance, she was given tasks to do that male employees were not required to do as much, such as cleaning and putting out merchandise.

21.    She was also held to different standards than male employees.

22.    One of the assistant managers, Ronnie, spoke to her in derogatory term, cursing and screaming at her.

23.    Ronnie called her a "slut," "ho," and "bitch."

24.    He would also send her home for no reason.

25.    After she complained about being treated unfairly, her hours were cut.

26.    On or about December 26, Ronnie said they were overstaffed and someone needed to go home.

27.    A male employee volunteered to leave early, but Ronnie declined that offer and sent Ms. Higginbotham home early.

28.    When Ms. Higginbotham protested, Ronnie told her to "get the fuck out."

29.    Finally, on or about December 30, 2016, when she was sent home early again, Ms. Higginbotham felt that she had no choice but leave her employment due to the intolerable conditions caused by Defendant Caple and other employees and management's constant harassment and abusive behavior.

30.    Defendant Foot Locker had supervisory authority over Defendant Caple and the other managers.

31.    The above-described conduct was wanton, deliberate, vexatious, willful, negligent, grossly negligent, and/or constitutes a reckless disregard for Ms. Higginbotham's rights.

32.    As a result of Defendants' conduct, Ms. Higginbotham has suffered economic loss, emotional and mental distress, humiliation, anxiety, fear, apprehension, embarrassment, depression, aggravation, annoyance, inconvenience and loss of capacity to enjoy life.

## Claims for Relief

### First Claim

#### [Human Rights Act – Sexual Harassment]

33.    Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs.

34.    The above-described acts of Defendant Foot Locker, by and through its agents, and the acts of Defendant Caple, individually, constitute violations of the WVHRA, *W. Va. Code* §5-11-1 *et seq.*, and the regulations promulgated pursuant thereto, by subjecting Plaintiff to unlawful sexual harassment.

35.    As a result of Defendant Caple's job duties and position, Defendant Foot Locker is strictly liable for any and all sexual harassment of Ms. Higginbotham.

### Second Claim

#### [Human Rights Act - Sex Discrimination]

36.    Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs.

37.     The above-described acts of Defendants constitute violations of the WVHRA, *W. Va. Code* §5-11-1, *et seq.*, and the regulations promulgated pursuant thereto, by subjecting Plaintiff to unlawful sex discrimination and harassment, resulting in her constructive discharge.

38.     As a result of the fact that Defendants' supervisory and management personnel engaged in, perpetrated, and otherwise condoned the above-described acts, defendants are strictly liable for the sex discrimination, harassment, and constructive discharge of Ms. Higginbotham.

### Third Claim

### [Retaliation and Reprisal]

39.     Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs.

40.     The above-described acts of Defendants constitute unlawful reprisal in violation of *W. Va. Code* §5-11-9.

### Fourth Claim

### [Punitive Damages]

41.     Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs.

42.     The above-described acts of Defendant Foot Locker, by and through its agents, and the acts of Defendant Caple, individually, were willful, wanton, malicious and/or carried out with reckless disregard for the rights of Plaintiff, thereby justifying an award of punitive damages against Defendants.

6

## PRAYER

**WHEREFORE,** Plaintiff prays for joint and several judgment against Defendants, as follows:

1.    That this Court enter a declaratory judgment, pursuant to *W. Va. Code* §55-13-1 *et seq.*, declaring the acts of Defendants to be in violation of *W. Va. Code* §5-11-1 *et seq.*;

2.    That this Court enter a permanent injunction against Defendant Foot Locker, ordering it to establish an on-going training program for its employees on the subject of sex discrimination and sexual harassment in the workplace;

3.    That Plaintiff be awarded lost wages, including all benefits for which she was eligible, up to the date of trial, with prejudgment and postjudgment interest thereon;

4.    That Plaintiff be awarded front pay, in an amount to be determined at trial;

5.    That Plaintiff be awarded compensatory damages in an amount to be determined at trial for the emotional and mental distress, humiliation, anxiety, embarrassment, depression, aggravation, annoyance, inconvenience, and loss of enjoyment of life, suffered by her as a result of Defendants' unlawful acts;

6.    That Plaintiff be awarded any and all additional economic losses suffered as a result of Defendants' conduct;

7.    That punitive damages be awarded against Defendants in an amount to be determined at trial;

8.    That Plaintiff be awarded the costs of litigation and a reasonable attorney's fee pursuant to *W. Va. Code* §5-1-13(c), the common law, and/or the general authority of the Court;

9.    That Plaintiff be awarded prejudgment and postjudgment interest on any damages awarded at the trial of this matter; and

10.    That Plaintiff be awarded such further and general relief as the Court deems appropriate.

**A JURY TRIAL IS DEMANDED OF ALL ISSUES SO TRIABLE.**

**TESA HIGGINBOTHAM**
Plaintiff
By Counsel

_____
Kristina Thomas Whiteaker (State Bar No. 9434)
David L. Grubb (State Bar No. 1498)
THE GRUBB LAW GROUP
1114 Kanawha Boulevard, East
Charleston, WV 25301
304-345-3356 (telephone)
304-345-3355 (facsimile)

8

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**TESA HIGGINBOTHAM,**

      **Plaintiff,**

**v.**
                                **Civil Action No. 17-C-506**
                                **Judge Charles E. King**

**FOOT LOCKER RETAIL, INC.,**
**a foreign corporation, FOOT LOCKER**
**STORES, INC., a foreign corporation,**
**and MARK CAPLE, an individual,**

      **Defendants.**

### PLAINTIFF'S FIRST SET OF INTERROGATORIES
### AND REQUEST FOR PRODUCTION OF DOCUMENTS
### AND THINGS TO DEFENDANT FOOT LOCKER RETAIL, INC.

    TO:    Foot Locker Retail, Inc.
             Agent: CT Corporation System
             5400 Big Tyler Road
             Charleston, WV  25313

COMES NOW Plaintiff, by counsel, and respectfully propounds the following interrogatories and requests upon Defendant Foot Locker Retail, Inc. ("Foot Locker Retail"). In accordance with Rules 26, 33, and 34 of the West Virginia Rules of Civil Procedure, Plaintiff calls upon Defendant Foot Locker Retail to answer these interrogatories and requests within forty-five (45) days of service hereof.

### INTERROGATORIES

    1.    Please identify, by name, address, telephone number, and job title, each person who has assisted in answering these interrogatories and requests.

**ANSWER:**

1

2.      Please identify, by name, address, telephone number, and job title, all individuals who you believe have knowledge or information of the facts and circumstances alleged in the Complaint.   For each such individual, please identify the subject(s) of such knowledge or information and state the substance of such knowledge or information.

**ANSWER:**

3.      For each subject or fact set forth in response to Interrogatory Number 2, *supra*, please identify and describe all documents, data compilations, and tangible things that supports, or otherwise reflects, the subject or facts known to such individual.

**ANSWER:**

4.      Please identify and describe all additional documents, information, data compilations, and tangible things that Defendant Foot Locker Retail may use to support its defenses in this case.  Please include all documents, information, data compilations and tangible things that Defendant Foot Locker Retail believes are relevant to any of the allegations underlying this case.

**ANSWER:**

5.      Please identify and describe any additional documents or information that would support a decision to discipline or terminate Plaintiff's employment that you discovered, or became aware of, either before or after the filing of this civil action.

**ANSWER:**

6.      Please identify, by name, address, telephone number, and job title, all individuals who were employed by Defendant Foot Locker Retail at its Town Center Mall, Charleston, West Virginia location from January 1, 2016, to the present.

2

ANSWER:

7.      Please identify, by name, address, telephone number, and job title, each and every person who served in a supervisory capacity to Plaintiff during her employment with Defendant Foot Locker Retail.  For each such individual, please indicate the time period during which (s)he supervised Plaintiff.

ANSWER:

8.      Please identify, by name, address, telephone number, and job title, each and every person who made, or participated in making, determinations regarding Plaintiff's level of compensation (including but not limited to salary, commissions, bonuses and fringe benefits) and work schedule.

ANSWER:

9.      In terms of Plaintiff, please state or answer the following:

(a)     each position – including grade level(s), inclusive dates, and job description – she held as an employee for Defendant Foot Locker Retail;

(b)     wage rates for each position during all periods of employment with Defendant Foot Locker Retail; and

(c)     the inclusive dates she held each position of employment with Defendant Foot Locker Retail.

ANSWER:

10.     In terms of Defendant Foot Locker Retail, please state the following:

(a)     the identity (by name, address, and telephone number) of each person who is currently (or was within the past ten years) a member of the board of directors;

3

(b)    the identity (by name, address, and telephone number) of each person (or other entity) who is currently (or was within the past ten years) an owner of the corporation;

(c)    the corporation's current net worth (and the manner in which this figure was calculated); and

(d)    the identities (by name and address) of each separate entity, if any, owned or operated by the corporation

**ANSWER:**

11.    Please identify and describe – including dates held, persons present, subjects covered and locations – any seminar (or training of any kind) sponsored by Defendant Foot Locker Retail, or attended by any employees of Defendant Foot Locker Retail, that addressed in whole or in part the subject of workplace discrimination, sexual harassment, and/or gender discrimination.

**ANSWER:**

12.    If any form of E-mail or internal messaging system is utilized by Defendant Foot Locker Retail, or Defendant Foot Locker Retail's employees, please describe the specific systems utilized and state whether any standard purge program is utilized to destroy such mail or messages.

**ANSWER:**

13.    Please provide the amounts contributed, or paid, for all fringe benefits – including, but not limited to, Social Security, Medicare, Federal Unemployment Insurance, State Unemployment Insurance, Worker's Compensation, Health Insurance, Life Insurance, Dental Insurance, Vision Insurance, Disability Insurance, Retirement Plan, and Pension Plan –

associated with Plaintiff's employment with Defendant Foot Locker Retail.

**ANSWER:**

14.   Please identify, by name, address, telephone number, and fields of expertise and qualifications, any and all persons who you expect to call at trial as an expert witness in this action.   For each such expert witness, please also state the subject matter on which (s)he is expected to testify, including the substance of the facts and opinions to which each such expert is expected to testify and a summary of the grounds for each opinion.

**ANSWER:**

15.   Please identify and describe, with specificity and detail, each action Defendant Foot Locker Retail took, if any, in investigating Plaintiff's complaints of sexual harassment.

**ANSWER:**

16.   Please identify and describe, with specificity and detail, the factual basis for each affirmative defense Defendant Foot Locker Retail asserts in this case, and identify each document or information that supports such affirmative defense.

**ANSWER:**

17.   Please identify any and all video surveillance, security camera footage, cell phone images or videos, and/or any photographs depicting Plaintiff in the possession of Defendant Foot Locker Retail and/or any of its employees, including the date such image or video was taken, and the name, address, and phone number of the person who has custody of such image or video.

**ANSWER:**

## REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

1.     Please produce copies of each and every document used, consulted, relied upon, or referred to in answering Plaintiff's:

(a)     First Set of Interrogatories; and

(b)     Complaint.

**RESPONSE:**

2.     If not produced in response to Request Number 1, please produce copies of each and every document Defendant Foot Locker Retail was asked to identify in Plaintiff's First Set of Interrogatories.

**RESPONSE:**

3.     If not produced in response to Request Numbers 1 and 2, please produce each and every document or other tangible thing that you believe supports Defendant Foot Locker Retail's view of – or that contains any information relevant to – the facts or allegations underlying this case.

**RESPONSE:**

4.     Please produce all written communications that Defendant Foot Locker Retail or its supervisory employees have had with other individuals (including Defendant's officers, employees, or representatives) about: (a) the subject matter of this civil action; (b) Plaintiff; (c) Plaintiff's job performance or schedule; and (d) Plaintiff's complaints of unfair and/or discriminatory treatment. **This request specifically includes any and all e-mail and text message correspondence** referencing in any manner the subject matter of this civil action or containing words or images depicting, mentioning or referring to Plaintiff.

**RESPONSE:**

6

5.     Please produce each and every job or performance evaluation conducted of Plaintiff at any time during her employment with Defendant Foot Locker Retail.

**RESPONSE:**

6.     Please produce each and every job or performance evaluation conducted of Mark Caple's job performance at any time during his employment with Defendant Foot Locker Retail.

**RESPONSE:**

7.     For the past ten (10) years, please produce copies of any and all reports regarding employment statistics that Defendant Foot Locker Retail provides to any entity – including but not limited to county, state or federal officials – relating to the gender of its employees.

**RESPONSE:**

8.     From January 1, 2016, to the present, please produce Defendant Foot Locker Retail's year-end audited financial statements, with footnotes and commentary, year-end balance sheets, and year-end profit and loss statements.

**RESPONSE:**

9.     Please produce the complete contents of Plaintiff's personnel file and all similar files. By the phrase "personnel file and all similar files," Plaintiff means all documents kept by Defendant Foot Locker Retail that refer to Plaintiff, including but not limited to all personnel records, discipline records, and all other documents kept by Defendant Foot Locker Retail that are used, have been used, or could have been used relative to Plaintiff's qualifications for employment, promotion, transfer, additional compensation, increase or decrease in grade level, disciplinary action, as well as any and all internal and confidential documents referring in any manner to Plaintiff.

**RESPONSE:**

7

10.    If any of Plaintiff's supervisors (or other of Defendant Foot Locker Retail's employees) kept a personnel file or similar file (as defined in Request No. 9, *supra*), or kept an unofficial file with information regarding Plaintiff, please:

(a).    identify who kept such file;

(b)    make available for inspection the original of such file; and

(c)    produce a copy of all documents contained in each such file (including a copy of the document container or file folder).

**RESPONSE:**

11.    To the extent not already provided in response to a previous request, please produce copies of any and all documents relating to Plaintiff's employment with Defendant Foot Locker Retail including, but not limited to, job application, W-2 forms, awards, prizes, promotions, bonuses, performance evaluations, investigations, and notes.

**RESPONSE:**

12.    Please produce the complete contents of Mark Caple's personnel file and all similar files. By the phrase "personnel file and all similar files," Plaintiff means all documents kept by Defendant Foot Locker Retail that refer to said individual, including but not limited to all personnel records, discipline records, and all other documents kept by Defendant Foot Locker Retail that are used, have been used, or could have been used relative to said individual's qualifications for employment, promotion, transfer, additional compensation, increase or decrease in grade level, disciplinary action, as well as any and all internal and confidential documents referring in any manner to said individual.

**RESPONSE:**

8

13.     If any of Mark Caple's supervisors (or other of Defendant Foot Locker Retail's employees) kept a personnel file or similar file (as defined in Request No. 12, *supra*), or kept an unofficial file with information regarding Mr. Caple, please:

    (a)   identify who kept such file;

    (b)   make available for inspection the original of such file; and

    (c)   produce a copy of all documents contained in each such file (including a copy of the document container or file folder).

**RESPONSE:**

14.     To the extent not already provided in response to a previous request, please produce copies of any and all documents relating to Mark Caple's employment with Defendant Foot Locker Retail including, but not limited to, job application, W-2 forms, awards, prizes, promotions, bonuses, performance evaluations, investigations and notes.

**RESPONSE:**

15.     Please produce copies of any and all personnel policies, employment manuals, personnel or employee handbooks and/or similar documents utilized by Defendant Foot Locker Retail from January 1, 2015, to the present.

**RESPONSE:**

16.     If not produced in response to the preceding Request, please produce copies of any additional personnel policies dealing specifically with the subject of gender discrimination, sexual harassment, and workplace discrimination.

**RESPONSE:**

17.     To the extent not already produced, please produce any and all documents, including job descriptions, memoranda, notes of meetings and/or minutes of meetings, regarding Plaintiff's employment, job performance, and/or complaints.

**RESPONSE:**

18.     Please produce any and all documents relating or evidencing any investigation by Defendant Foot Locker Retail into Plaintiff's complaints of sexual harassment, including but not limited to:

    (a)     written statements of witnesses;

    (b)     notes of interviews with witnesses;

    (c)     tape recordings of any and all oral statements and/or interviews of witnesses;

    (d)     transcriptions of any and all oral statements and/or interviews of witnesses; reports regarding the results of any and all investigations;

    (e)     documents relating to any disciplinary action resulting from said investigation;

    (f)     documents relating to or evidencing discussions between Plaintiff and Defendant Foot Locker Retail;

    (g)     documents relating to or evidencing discussions between Defendant Foot Locker Retail and any other person other than Defendant Foot Locker Retail's counsel; and/or

    (h)     documents received by or sent to any person other than Defendant Foot Locker Retail's counsel.

**RESPONSE:**

19.     Please produce any and all documents that support, evidence, relate to, or otherwise reflect any action taken by Defendant Foot Locker Retail in response to Plaintiff's

10

complaint of gender discrimination or sexual harassment.

**RESPONSE:**

20.    Please produce a copy of any insurance policy(ies) or agreement(s) under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment in this case, or to indemnify or reimburse for payments made to satisfy the judgment. This request specifically seeks any additional documents related to such coverage – including, but not limited to, any reservation of rights letters and declarations page.

**RESPONSE:**

21.    Please produce all documents or other tangible things which relate, refer, pertain to or identify or constitute any report, study, paper, article, book or other document, prepared by, referred to or relied upon by Defendant Foot Locker Retail, or an expert witness on Defendant Foot Locker Retail's behalf, and which Defendant Foot Locker Retail intends to, or may, use at trial in this case, or which Defendant Foot Locker Retail otherwise relies upon to support the defense of this case or to use in any other manner at the trial of this case.

**RESPONSE:**

22.    If any proposed expert witnesses have rendered a written report, please produce a copy of each and every such report – including drafts and revisions. Also, please produce all correspondence, memoranda, emails, or similar communications between you (and/or your counsel) and the proposed expert witnesses.

**RESPONSE:**

23.    To the extent not previously produced, please produce all documents or other tangible things that Defendant Foot Locker Retail intends to, or may, introduce into evidence at trial in this case.

11

**RESPONSE:**

24.    To the extent not previously produced, please produce all documents or other tangible things that support any of the defenses raised by Defendant Foot Locker Retail in this case.

**RESPONSE:**

25.    Please produce documents evidencing Plaintiff's compensation during her period of employment with Defendant Foot Locker Retail, including but not limited to salary, bonuses and commissions.

**RESPONSE:**

26.    Please produce documents evidencing employee benefits that you provided to Plaintiff during her period of employment with Defendant Foot Locker Retail, including but not limited to a description of plan benefits and/or plan handbooks, or pamphlets for profit-sharing plans, health insurance, retirement benefits, and life insurance.

**RESPONSE:**

27.    Please produce documents that support, evidence, relate to, or otherwise pertain to each and every oral or written, formal or informal, charge or complaint – including any and all documents produced during the course of investigating or responding to such charge or complaint – made against the Defendant Foot Locker Retail (including any of its employees) concerning workplace discrimination (including but not limited to gender discrimination and/or sexual harassment) from January 1, 2007 to the present. For purposes of this interrogatory, the phrase "workplace discrimination" includes discrimination based upon gender, race, disability, religion, national origin and sexual preference. For each complaint or charge, provide the date, name of complainant, nature of forum (i.e., West Virginia Human Rights Commission, other

12

state human rights commission, EEOC, state court, federal court, grievance, arbitration, informal, or other), identification number (i.e., civil action number, case number, etc.) and final disposition and resolution. This request does not include charges or complaints filed by Ms. Higginbotham.

**RESPONSE:**

     28.    Please produce any and all documents that reflect or describe Plaintiff's job title, job duties and job responsibilities during her employment with Defendant Foot Locker Retail.

**RESPONSE:**

     29.    Please produce any and all documents that reflect or describe Mark Caple's title, job duties and job responsibilities during his employment with Defendant Foot Locker Retail.

**RESPONSE:**

     30.    To the extent not already provided, please produce any documents related to any prior complaints regarding Mark Caple from employees or customers.

**RESPONSE:**

     31.    Please produce a copy of any video surveillance, security camera footage, cell phone images or videos, and/or any photographs depicting Plaintiff in the possession of Defendant Foot Locker Retail and/or any of its employees.

**RESPONSE:**

                                                 **TESA HIGGINBOTHAM**
                                               Plaintiff
                                               By Counsel

Kristina Thomas Whiteaker (State Bar No. 9434)
David Grubb (State Bar No. 1498)
THE GRUBB LAW GROUP
1114 Kanawha Boulevard, East
Charleston, WV 25301
304-345-3356 (telephone)
304-345-3355 (facsimile)

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

TESA HIGGINBOTHAM,

     Plaintiff,

v.

                                    Civil Action No. 17-C-506
                                    Judge Charles E. King

FOOT LOCKER RETAIL, INC.,
a foreign corporation, FOOT LOCKER
STORES, INC., a foreign corporation,
and MARK CAPLE, an individual,

     Defendants.

## CERTIFICATE OF SERVICE

     I, Kristina Thomas Whiteaker, counsel for Plaintiffs, do hereby certify that I have this 26th day of April, 2017, served a true copy of *Plaintiff's First Set of Interrogatories and Request for Production of Documents and Things to Defendant Foot Locker Retail, Inc.* upon Defendants Foot Locker Retail, Inc. and Foot Locker Stores, Inc., via service by the West Virginia Secretary of State, to the following addresses:

Foot Locker Retail, Inc.
Agent: CT Corporation System
5400 D Big Tyler Road
Charleston, WV 25313

Foot Locker Stores, Inc.
Agent: CT Corporation System
5400 D Big Tyler Road
Charleston, WV 25313

Kristina Thomas Whiteaker (State Bar No. 9434)
THE GRUBB LAW GROUP
1114 Kanawha Boulevard, East
Charleston, WV 25301
304-345-3356 (telephone)
304-345-3355 (facsimile)

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**TESA HIGGINBOTHAM,**

      **Plaintiff,**

**v.**                              **Civil Action No. 17-C-506**
                                       **Judge Charles E. King**

**FOOT LOCKER RETAIL, INC.,**
**a foreign corporation, FOOT LOCKER**
**STORES, INC., a foreign corporation,**
**and MARK CAPLE, an individual,**

      **Defendants.**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## AND REQUEST FOR PRODUCTION OF DOCUMENTS
## <u>AND THINGS TO DEFENDANT FOOT LOCKER STORES, INC.</u>

TO:    Foot Locker Stores, Inc.
            Agent: CT Corporation System
            5400 Big Tyler Road
            Charleston, WV 25313

COMES NOW Plaintiff, by counsel, and respectfully propounds the following interrogatories and requests upon Defendant Foot Locker Stores, Inc. ("Foot Locker Stores"). In accordance with Rules 26, 33, and 34 of the West Virginia Rules of Civil Procedure, Plaintiff calls upon Defendant Foot Locker Stores to answer these interrogatories and requests within forty-five (45) days of service hereof.

### <u>INTERROGATORIES</u>

1.    Please identify, by name, address, telephone number, and job title, each person who has assisted in answering these interrogatories and requests.

<u>ANSWER:</u>

1

2.    Please identify, by name, address, telephone number, and job title, all individuals who you believe have knowledge or information of the facts and circumstances alleged in the Complaint.    For each such individual, please identify the subject(s) of such knowledge or information and state the substance of such knowledge or information.

**ANSWER:**

3.    For each subject or fact set forth in response to Interrogatory Number 2, *supra*, please identify and describe all documents, data compilations, and tangible things that supports, or otherwise reflects, the subject or facts known to such individual.

**ANSWER:**

4.    Please identify and describe all additional documents, information, data compilations, and tangible things that Defendant Foot Locker Stores may use to support its defenses in this case.  Please include all documents, information, data compilations and tangible things that Defendant Foot Locker Stores believes are relevant to any of the allegations underlying this case.

**ANSWER:**

5.    Please identify and describe any additional documents or information that would support a decision to discipline or terminate Plaintiff's employment that you discovered, or became aware of, either before or after the filing of this civil action.

**ANSWER:**

6.    Please identify, by name, address, telephone number, and job title, all individuals who were employed by Defendant Foot Locker Stores at its Town Center Mall, Charleston, West Virginia location from January 1, 2016, to the present.

2

**ANSWER:**

      7.     Please identify, by name, address, telephone number, and job title, each and every person who served in a supervisory capacity to Plaintiff during her employment with Defendant Foot Locker Stores. For each such individual, please indicate the time period during which (s)he supervised Plaintiff.

**ANSWER:**

      8.     Please identify, by name, address, telephone number, and job title, each and every person who made, or participated in making, determinations regarding Plaintiff's level of compensation (including but not limited to salary, commissions, bonuses and fringe benefits) and work schedule.

**ANSWER:**

      9.     In terms of Plaintiff, please state or answer the following:

      (a)     each position – including grade level(s), inclusive dates, and job description – she held as an employee for Defendant Foot Locker Stores;

      (b)     wage rates for each position during all periods of employment with Defendant Foot Locker Stores; and

      (c)     the inclusive dates she held each position of employment with Defendant Foot Locker Stores.

**ANSWER:**

      10.     In terms of Defendant Foot Locker Stores, please state the following:

      (a)     the identity (by name, address, and telephone number) of each person who is currently (or was within the past ten years) a member of the board of directors;

(b)    the identity (by name, address, and telephone number) of each person (or other entity) who is currently (or was within the past ten years) an owner of the corporation;

(c)    the corporation's current net worth (and the manner in which this figure was calculated); and

(d)    the identities (by name and address) of each separate entity, if any, owned or operated by the corporation

**ANSWER:**

11.    Please identify and describe — including dates held, persons present, subjects covered and locations — any seminar (or training of any kind) sponsored by Defendant Foot Locker Stores, or attended by any employees of Defendant Foot Locker Stores, that addressed in whole or in part the subject of workplace discrimination, sexual harassment, and/or gender discrimination.

**ANSWER:**

12.    If any form of E-mail or internal messaging system is utilized by Defendant Foot Locker Stores, or Defendant Foot Locker Stores's employees, please describe the specific systems utilized and state whether any standard purge program is utilized to destroy such mail or messages.

**ANSWER:**

13.    Please provide the amounts contributed, or paid, for all fringe benefits — including, but not limited to, Social Security, Medicare, Federal Unemployment Insurance, State Unemployment Insurance, Worker's Compensation, Health Insurance, Life Insurance, Dental Insurance, Vision Insurance, Disability Insurance, Retirement Plan, and Pension Plan —

associated with Plaintiff's employment with Defendant Foot Locker Stores.

**ANSWER:**

14.     Please identify, by name, address, telephone number, and fields of expertise and qualifications, any and all persons who you expect to call at trial as an expert witness in this action.  For each such expert witness, please also state the subject matter on which (s)he is expected to testify, including the substance of the facts and opinions to which each such expert is expected to testify and a summary of the grounds for each opinion.

**ANSWER:**

15.     Please identify and describe, with specificity and detail, each action Defendant Foot Locker Stores took, if any, in investigating Plaintiff's complaints of sexual harassment.

**ANSWER:**

16.     Please identify and describe, with specificity and detail, the factual basis for each affirmative defense Defendant Foot Locker Stores asserts in this case, and identify each document or information that supports such affirmative defense.

**ANSWER:**

17.     Please identify any and all video surveillance, security camera footage, cell phone images or videos, and/or any photographs depicting Plaintiff in the possession of Defendant Foot Locker Stores and/or any of its employees, including the date such image or video was taken, and the name, address, and phone number of the person who has custody of such image or video.

**ANSWER:**

## REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

1.　Please produce copies of each and every document used, consulted, relied upon, or referred to in answering Plaintiff's:

(a)　First Set of Interrogatories; and

(b)　Complaint.

**RESPONSE:**

2.　If not produced in response to Request Number 1, please produce copies of each and every document Defendant Foot Locker Stores was asked to identify in Plaintiff's First Set of Interrogatories.

**RESPONSE:**

3.　If not produced in response to Request Numbers 1 and 2, please produce each and every document or other tangible thing that you believe supports Defendant Foot Locker Stores's view of – or that contains any information relevant to – the facts or allegations underlying this case.

**RESPONSE:**

4.　Please produce all written communications that Defendant Foot Locker Stores or its supervisory employees have had with other individuals (including Defendant's officers, employees, or representatives) about: (a) the subject matter of this civil action; (b) Plaintiff; (c) Plaintiff's job performance or schedule; and (d) Plaintiff's complaints of unfair and/or discriminatory treatment. **This request specifically includes any and all e-mail and text message correspondence** referencing in any manner the subject matter of this civil action or containing words or images depicting, mentioning or referring to Plaintiff.

**RESPONSE:**

6

5.      Please produce each and every job or performance evaluation conducted of Plaintiff at any time during her employment with Defendant Foot Locker Stores.

**RESPONSE:**

6.      Please produce each and every job or performance evaluation conducted of Mark Caple's job performance at any time during his employment with Defendant Foot Locker Stores.

**RESPONSE:**

7.      For the past ten (10) years, please produce copies of any and all reports regarding employment statistics that Defendant Foot Locker Stores provides to any entity – including but not limited to county, state or federal officials – relating to the gender of its employees.

**RESPONSE:**

8.      From January 1, 2016, to the present, please produce Defendant Foot Locker Stores's year-end audited financial statements, with footnotes and commentary, year-end balance sheets, and year-end profit and loss statements.

**RESPONSE:**

9.      Please produce the complete contents of Plaintiff's personnel file and all similar files. By the phrase "personnel file and all similar files," Plaintiff means all documents kept by Defendant Foot Locker Stores that refer to Plaintiff, including but not limited to all personnel records, discipline records, and all other documents kept by Defendant Foot Locker Stores that are used, have been used, or could have been used relative to Plaintiff's qualifications for employment, promotion, transfer, additional compensation, increase or decrease in grade level, disciplinary action, as well as any and all internal and confidential documents referring in any manner to Plaintiff.

**RESPONSE:**

7

10.    If any of Plaintiff's supervisors (or other of Defendant Foot Locker.Stores's employees) kept a personnel file or similar file (as defined in Request No. 9, *supra*), or kept an unofficial file with information regarding Plaintiff, please:

    (a)    identify who kept such file;

    (b)    make available for inspection the original of such file; and

    (c)    produce a copy of all documents contained in each such file (including a copy of the document container or file folder).

**RESPONSE:**

11.    To the extent not already provided in response to a previous request, please produce copies of any and all documents relating to Plaintiff's employment with Defendant Foot Locker Stores including, but not limited to, job application, W-2 forms, awards, prizes, promotions, bonuses, performance evaluations, investigations, and notes.

**RESPONSE:**

12.    Please produce the complete contents of Mark Caple's personnel file and all similar files. By the phrase "personnel file and all similar files," Plaintiff means all documents kept by Defendant Foot Locker Stores that refer to said individual, including but not limited to all personnel records, discipline records, and all other documents kept by Defendant Foot Locker Stores that are used, have been used, or could have been used relative to said individual's qualifications for employment, promotion, transfer, additional compensation, increase or decrease in grade level, disciplinary action, as well as any and all internal and confidential documents referring in any manner to said individual.

**RESPONSE:**

8

13.   If any of Mark Caple's supervisors (or other of Defendant Foot Locker Stores's employees) kept a personnel file or similar file (as defined in Request No. 12, *supra*), or kept an unofficial file with information regarding Mr. Caple, please:

    (a)   identify who kept such file;

    (b)   make available for inspection the original of such file; and

    (c)   produce a copy of all documents contained in each such file (including a copy of the document container or file folder).

**RESPONSE:**

14.   To the extent not already provided in response to a previous request, please produce copies of any and all documents relating to Mark Caple's employment with Defendant Foot Locker Stores including, but not limited to, job application, W-2 forms, awards, prizes, promotions, bonuses, performance evaluations, investigations and notes.

**RESPONSE:**

15.   Please produce copies of any and all personnel policies, employment manuals, personnel or employee handbooks and/or similar documents utilized by Defendant Foot Locker Stores from January 1, 2015, to the present.

**RESPONSE:**

16.   If not produced in response to the preceding Request, please produce copies of any additional personnel policies dealing specifically with the subject of gender discrimination, sexual harassment, and workplace discrimination.

**RESPONSE:**

17.     To the extent not already produced, please produce any and all documents, including job descriptions, memoranda, notes of meetings and/or minutes of meetings, regarding Plaintiff's employment, job performance, and/or complaints.

**RESPONSE:**

18.     Please produce any and all documents relating or evidencing any investigation by Defendant Foot Locker Stores into Plaintiff's complaints of sexual harassment, including but not limited to:

(a)     written statements of witnesses;

(b)     notes of interviews with witnesses;

(c)     tape recordings of any and all oral statements and/or interviews of witnesses;

(d)     transcriptions of any and all oral statements and/or interviews of witnesses; reports regarding the results of any and all investigations;

(e)     documents relating to any disciplinary action resulting from said investigation;

(f)     documents relating to or evidencing discussions between Plaintiff and Defendant Foot Locker Stores;

(g)     documents relating to or evidencing discussions between Defendant Foot Locker Stores and any other person other than Defendant Foot Locker Stores's counsel; and/or

(h)     documents received by or sent to any person other than Defendant Foot Locker Stores's counsel.

**RESPONSE:**

19.     Please produce any and all documents that support, evidence, relate to, or otherwise reflect any action taken by Defendant Foot Locker Stores in response to Plaintiff's

10

complaint of gender discrimination or sexual harassment.

**RESPONSE:**

20. Please produce a copy of any insurance policy(ies) or agreement(s) under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment in this case, or to indemnify or reimburse for payments made to satisfy the judgment. This request specifically seeks any additional documents related to such coverage – including, but not limited to, any reservation of rights letters and declarations page.

**RESPONSE:**

21. Please produce all documents or other tangible things which relate, refer, pertain to or identify or constitute any report, study, paper, article, book or other document, prepared by, referred to or relied upon by Defendant Foot Locker Stores, or an expert witness on Defendant Foot Locker Stores's behalf, and which Defendant Foot Locker Stores intends to, or may, use at trial in this case, or which Defendant Foot Locker Stores otherwise relies upon to support the defense of this case or to use in any other manner at the trial of this case.

**RESPONSE:**

22. If any proposed expert witnesses have rendered a written report, please produce a copy of each and every such report – including drafts and revisions. Also, please produce all correspondence, memoranda, emails, or similar communications between you (and/or your counsel) and the proposed expert witnesses.

**RESPONSE:**

23. To the extent not previously produced, please produce all documents or other tangible things that Defendant Foot Locker Stores intends to, or may, introduce into evidence at trial in this case.

11

**·RESPONSE:**

24.    To the extent not previously produced, please produce all documents or other tangible things that support any of the defenses raised by Defendant Foot Locker Stores in this case.

**RESPONSE:**

25.    Please produce documents evidencing Plaintiff's compensation during her period of employment with Defendant Foot Locker Stores, including but not limited to salary, bonuses and commissions.

**RESPONSE:**

26.    Please produce documents evidencing employee benefits that you provided to Plaintiff during her period of employment with Defendant Foot Locker Stores, including but not limited to a description of plan benefits and/or plan handbooks, or pamphlets for profit-sharing plans, health insurance, retirement benefits, and life insurance.

**RESPONSE:**

27.    Please produce documents that support, evidence, relate to, or otherwise pertain to each and every oral or written, formal or informal, charge or complaint – including any and all documents produced during the course of investigating or responding to such charge or complaint – made against the Defendant Foot Locker Stores (including any of its employees) concerning workplace discrimination (including but not limited to gender discrimination and/or sexual harassment) from January 1, 2007 to the present. For purposes of this interrogatory, the phrase "workplace discrimination" includes discrimination based upon gender, race, disability, religion, national origin and sexual preference. For each complaint or charge, provide the date, name of complainant, nature of forum (i.e., West Virginia Human Rights Commission, other

12

state human rights commission, EEOC, state court, federal court, grievance, arbitration, informal, or other), identification number (i.e., civil action number, case number, etc.) and final disposition and resolution. This request does not include charges or complaints filed by Ms. Higginbotham.

**RESPONSE:**

28. Please produce any and all documents that reflect or describe Plaintiff's job title, job duties and job responsibilities during her employment with Defendant Foot Locker Stores.

**RESPONSE:**

29. Please produce any and all documents that reflect or describe Mark Caple's title, job duties and job responsibilities during his employment with Defendant Foot Locker Stores.

**RESPONSE:**

30. To the extent not already provided, please produce any documents related to any prior complaints regarding Mark Caple from employees or customers.

**RESPONSE:**

31. Please produce a copy of any video surveillance, security camera footage, cell phone images or videos, and/or any photographs depicting Plaintiff in the possession of Defendant Foot Locker Stores and/or any of its employees.

**RESPONSE:**

**TESA HIGGINBOTHAM**
Plaintiff
By Counsel

Kristina Thomas Whiteaker (State Bar No. 9434)
David Grubb (State Bar No. 1498)
THE GRUBB LAW GROUP
1114 Kanawha Boulevard, East
Charleston, WV 25301
304-345-3356 (telephone)
304-345-3355 (facsimile)

13

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

TESA HIGGINBOTHAM,

     Plaintiff,

v.

                         Civil Action No. 17-C-506
                         Judge Charles E. King

FOOT LOCKER RETAIL, INC.,
a foreign corporation, FOOT LOCKER
STORES, INC., a foreign corporation,
and MARK CAPLE, an individual,

     Defendants.

## CERTIFICATE OF SERVICE

     I, Kristina Thomas Whiteaker, counsel for Plaintiffs, do hereby certify that I have
this 26th day of April, 2017, served a true copy of *Plaintiff's First Set of Interrogatories
and Request for Production of Documents and Things to Defendant Foot Locker
Stores, Inc.* upon Defendants Foot Locker Retail, Inc. and Foot Locker Stores, Inc., via
service by the West Virginia Secretary of State, to the following addresses:

                    Foot Locker Retail, Inc.
            Agent:  CT Corporation System
                  5400 D Big Tyler Road
                  Charleston, WV  25313

                    Foot Locker Stores, Inc.
            Agent:  CT Corporation System
                  5400 D Big Tyler Road
                  Charleston, WV  25313

Kristina Thomas Whiteaker (State Bar No. 9434)
THE GRUBB LAW GROUP
1114 Kanawha Boulevard, East
Charleston, WV  25301
304-345-3356 (telephone)
304-345-3355 (facsimile)